## GREEN BAY AND MISSISSIPPI CANAL COMPANY VS. GROAT.

*Deed: Recitals construed — Evidence.*

1. Under ch. 112, Laws of 1856, the trustees of the Fox & Wisconsin Improvement Company were required to sell its lands in tracts not exceeding 640 acres; and under any sale upon one bid no title to a greater quantity of land would vest in the purchaser. Ch. 289, Laws of 1861; ch. 535, Laws of 1865.
2. Where a deed executed by said trustees recites that certain lots of said lands, which it purports to convey, amounting to more than 640 acres, were struck off and sold by the trustees to the grantees therein named for one specified sum, "said [grantees] being the highest and best bidders therefor," this must be understood to mean that the whole of said lands were sold in one lot; and the deed is not admissible in evidence to sustain the title of one claiming under said grantees.
3. If validity is claimed for such deed by virtue of a judgment purporting to amend the power, such judgment must first be shown.
4. The fact that the judgment record consisted of over nine thousand folios, *held* not to affect the application of the above rule.

APPEAL from the Circuit Court for *Calumet* County. Ejectment, for lots 207 and 251, "in the Stockbridge Reservation (so-called), according to the recorded plat

thereof, in the town of Stockbridge, county of Calumet."
Plaintiff introduced proof that the premises were a part
of the lands granted to the state of Wisconsin by several
acts of congress.   By ch. 112, Laws of 1856, these lands
were granted to the Fox and Wisconsin Improvement
Company, on the condition that, within ninety days
after the passage of the act, said company should make
a deed of trust to three trustees (to be appointed as
there provided) of all said lands then unsold, and all
the other property and franchises of the company, for
certain uses and trusts specified in the act.   By section
3 it was provided, that, in case the company should fail
to comply with certain requirements of the act, or to
pay the principal or interest of its bonds, issued as
therein provided, said trustees should sell said lands
"*in tracts not exceeding six hundred and forty acres,*"
and should apply the proceeds to the purposes specified
in the act.   Plaintiff introduced proof that the company
accepted the act, and executed the deed of trust above
described.   It then offered in evidence a deed from said
trustees, and from one Abraham B. Clark, trustee, etc.,
to the plaintiff.   This deed recites the act of the legisla-
ture, incorporating said Fox and Wisconsin Improvement
Company, and conferring upon it the lands, franchises,
etc., pertaining to said improvement ; the execution by
said company, August 1, 1853, of a mortgage of its prop-
erty, in trust to secure the payment of certain bonds ;
the facts by which Abraham B. Clark had become sole
surviving mortgagee in trust under said mortgage ; the
appointment of three trustees under the act of 1856, and
the execution to them of the deed of trust aforesaid.   It
then recites that, subsequently, said three trustees com-
menced an action in the circuit court for Fond du Lac
county against said Fox and Wisconsin Improvement
Company, and the mortgagees in trust (under the mort-
gage of 1853), "among other things, to amend the exe-
cution of the power of sale contained in said deed of

trust, and to obtain the advice and direction of the court in the matter of executing said trust;" that said action, after the death of one of said mortgagees, continued against Abraham B. Clark, the other and sole surviving mortgagee in trust; that, upon the answer of said Clark, and the pleadings, proceedings and proofs in the action, the court rendered judgment, which contained the following, among other provisions: "That the execution of the power of sale contained in said deed of trust, and in said act of the legislature approved October 3, 1856 [ch. 112, Laws of 1856], be, and the same hereby is, amended so as to empower the said trustees — the plaintiffs — to sell thereunder all lands, rights in, or claims upon or to, lands passed to the state of Wisconsin under and by virtue of the resolution and acts of congress in relation thereto, referred to in said complaint, and from said state passed to the said company and the plaintiffs, under and by virtue of the acts of the legislature of Wisconsin in relation thereto, and the trust-deed mentioned in said complaint, whether such lands, rights or claims shall have been partitioned, selected, approved, set apart or determined or not; that all such lands, rights or claims as have not been so partitioned, selected, approved, set apart or determined, and as cannot be sold in tracts not exceeding six hundred and forty acres each, may be sold under said power, without regard to the limitation requiring the lands to be sold in tracts not exceeding six hundred and forty acres each; that the said trustees — the plaintiffs — are advised and directed to cause sale to be made of all the lands, rights and interests in, or claims upon or to, lands granted by congress in aid of the Fox and Wisconsin Improvement," etc., etc. The deed further recites that the Improvement Company had made default, etc., and the trustees, in pursuance of said judgment and of the power of sale contained in the trust-deed, did, at a specified time and place, sell at public auction all the

lands, works, franchises, etc., of said Improvement Company; at which sale the lands afterward described in the deed were struck off for a certain sum to certain persons acting as agents of the *Green Bay & Mississippi Canal Company*, "they being the highest bidders, and that being the highest sum bidden for the same." The deed then purports to convey to said *Canal Company* certain lands therein described, containing, in the aggregate, as appears from said description, over two thousand acres. Defendant objected to the admission of the deed in evidence, without proof of the judgment upon which it was founded. Plaintiff offered to show, by the testimony of a witness, that the judgment record in said action contained nine thousand five hundred and sixty-one folios, and that it was impracticable to procure or bring into court either said judgment roll or a certified copy thereof. The evidence was ruled out. Plaintiff then offered proof of various other facts, showing such default of the Improvement Company as authorized the trustees to sell the lands conveyed to them in trust, and, in connection with this evidence, offered said deed to plaintiff; but the evidence was ruled out.

Verdict for defendant; new trial denied; and judgment upon the verdict; from which plaintiff appealed.

*Stevens & Flower*, for appellant:

"Where lands have been conveyed by an agent, or under an authority given by law, and the title thus derived is set up against the former owner, or his assigns, it must be shown that the authority was strictly pursued. But where the title is set up against a stranger, it is enough to show an authority to convey, and a conveyance made under it." 5 N. H. 510. See also *Jackson ex dem. Wickham v. Belknap*, 12 Johns. 96.

*Gillet & Pier*, for respondent.

COLE, J. The trust-deed offered in evidence, executed by the Fox and Wisconsin Improvement Company,

declares fully the conditions and trusts upon which it was made, according to the act of the legislature of October 3, 1856. One of the conditions of that act, and of the trust-deed, was, that, in case the company failed to comply with any of the requirements of that act, or to pay the principal and interest of its bonds as they became due and payable, the trustees were authorized to proceed and sell at public auction the lands belonging to the company, but with this limitation, that the lands should be sold "in tracts not exceeding six hundred and forty acres." Now, it appears that the lands in controversy in this case were odd numbers in the Stockbridge Indian reservation, which had been designated by the general government as a part of those granted by congress in aid of the improvement, and which had been accepted by the state. And the list shows that they came within the limitations of the act, as each lot only contained sixty-two and a half acres. But it appears, further, from the deed made by the trustees, which was offered in evidence by the plaintiff company, and ruled out by the court, that these lots, together with a large number of others, amounting to nearly twenty-one hundred acres, were struck off and sold by them to Samuel Marsh, Erastus Corning, and Horatio Seymour, for the sum of eight hundred and thirty-two dollars and twelve cents, they being the highest and best bidders therefor. Upon the face of this deed, we think it must be assumed that this was but one sale and one bid for all the lands embraced in the deed. There is nothing that will justify the inference that the lands were sold in parcels, but the entire quantity appears to have been sold together, and a gross sum paid therefor. If this were so — and we do not see how any other conclusion can be arrived at upon the face of the deed — then it would seem that the trustees, in making this sale in the manner they did, exceeded the power conferred upon them by the trust-deed. For, as already stated, this trust-deed, and the act of the legis-

lature, restricted the power of the trustees to selling the land in tracts which should not exceed six hundred and forty acres. This limitation upon the power of the trustees, in regard to selling the lands, was obviously intended for the benefit of persons designing to purchase small tracts, and to prevent them from being sold in large quantities, which could only be bought by individuals or corporations that could command large sums of money. That such was the intention of the legislature, in requiring that the lands should be sold "in tracts not exceeding six hundred and forty acres," is plainly manifest, as well from the act of October, 1856, as from the subsequent acts of April 13, 1861, and April 10, 1865. See proviso in section 2, chapter 289, General Laws of 1861 ; and section 1, chapter 535, General Laws of 1865. So, upon the face of the trust-deed and the one executed by the trustees, we are compelled to say that the trustees exceeded their power in selling, at one bid and as one sale, the quantity they did, to Marsh, Corning and Seymour, and "that no title to a greater quantity than six hundred and forty acres could vest in the purchaser or purchasers." This is the express language of the acts above referred to, and effect must be given to it. The deed executed by the trustees, and by which the plaintiff company derives title, contains, however, a recital that such trustees theretofore commenced an action in the circuit court of Fond du Lac county against the Fox and Wisconsin Improvement Company and the mortgagee in trust, for the purpose, among other things, of amending the execution of the power of sale contained in the trust-deed, and that the court, by its order and judgment, did amend such power. But if the trustees executed the deed by virtue of the amendment made by the circuit court, empowering them to sell in quantities exceeding six hundred and forty acres, then we think the deed was inadmissible, unless the plaintiff first showed, or proposed to show, the judgment upon which the same was

founded.    It is governed by the same rule which applies in other cases, that where a deed, sought to be used in evidence, purports to have been executed under a judgment, it is necessary to prove such judgment as the foundation of the power to execute the deed.    This is a familiar principle ; and we see nothing in this case to take it out of the operation of that rule.    The defendant in this case was a stranger to the judgment amending the power ; and, therefore, as against him, at least, the judgment should have been proven, in order to make the deed admissible.

It is argued, by the counsel for the plaintiff, that the trustees were public officers, and that the court will presume that they followed their authority and performed their duty in making the sale and executing the deed. But we think it would be a misapplication of that rule to extend it to this case.    If the trustees derived their authority to make the sale in the manner they did from the judgment of the court, the plaintiff was required to prove that judgment.    And the fact that it consisted of several thousand folios, cannot change the well-established rule upon the subject.

There was no error in excluding the trustees' deed ; and the judgment of the circuit court must be affirmed.

*By the Court.* — Judgment affirmed.